# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALICE SISSON, | )  |
| | ) CASE NO. 5:15 CV 0552 |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| vs. | ) |
| | ) MEMORANDUM OPINION |
| CAROLYN W. COLVIN, | ) AND ORDER |
| ACTING COMMISSIONER OF SOCIAL SECURITY | ) |
| | ) |
| Defendant. | ) |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli. The Report and Recommendation (Doc# 16), issued on February 26, 2016, is hereby ADOPTED by this Court.

**Procedural and Factual Background**

Plaintiff Alice Sisson filed her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 423, 1381(a) on November 10, 2004. (*Id.* at 1). Plaintiff was born in February 1963 and was 50-years-old on the date of the decision. (*Id.* at 3). Plaintiff's SSI application was denied initially, and upon reconsideration, she requested a hearing before an administrative law judge ("ALJ"). (*Id* at 1.). On September 5, 2007, an ALJ held Plaintiff's hearing, which included testimony from a medical expert ("ME"), Dr. Gottfried Spring, and a vocational expert ("VE"), Gene Burkhammer. (*Id.* at 1-2). On October 26, 2007, the ALJ found Plaintiff not disabled. (*Id.* at 2). On March 11, 2010, the

Appeals Council vacated the ALJ's decision and remanded for further proceedings. (*Id.*). A different ALJ held a second hearing on October 25, 2010, which did not include a ME. (*Id.*). A VE did appear, but did not testify. (*Id.*). On January 27, 2012, the ALJ found Plaintiff not disabled. On February 21, 2013, the Appeals Council once again vacated the ALJ's decision and remanded for further proceedings. (*Id.*). A third ALJ held a hearing on September 4, 2013. (*Id.*). No ME was present, but a VE did appear and testify. (*Id.*). On November 7, 2013, the ALJ found Plaintiff not disabled. (*Id.*). The Appeals Council declined to review the ALJ's decision on January 14, 2015, and the ALJ's decision became the Defendant's final decision. (*Id.*).

The ALJ found that Plaintiff suffered from severe impairments. (Doc# 16 at 20). However, her impairments, either singularly or in combination, did not meet or equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.*). The ALJ also found that Plaintiff had a Residual Functional Capacity ("RFC") "to perform [a] full range of work at all exertional levels but with ... nonexertional limitations." (*Id.*). Specifically, the ALJ found that Plaintiff "is not able to perform ... tasks that involve high production quotas or tasks at production rate pace (e.g., assembly line work) but can perform goal oriented work (e.g., office cleaner)." (*Id.*). The ALJ did not assess the testimony of Dr. Spring, who limited Plaintiff to simple, low stress work with "no quotas" and where she could pace herself. (Tr. 559).

On March 20, 2015, Plaintiff filed a timely Complaint with this Court pursuant to 42 U.S.C. § 405(g) seeking review of the Appeal Council's decision. (Doc# 1). Pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b), this matter was referred to Magistrate Judge Vecchiarelli for the preparation of a report and recommendation. The Magistrate Judge issued her Report and

Recommendation on February 26, 2016. (Doc #16). She concluded that the ALJ's determination that Plaintiff was not disabled and, therefore, not entitled to SSI was rational. Accordingly, the Magistrate Judge recommended that the Court affirm the ALJ's determination. Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation limited to the recommendation in section V(B)(3)(b), which evaluated whether Defendant's failure to address a medical expert's opinion is prejudicial error requiring remand. (Doc# 17). Defendant then filed a response. (Doc# 18). This Court herein reviews the Report and Recommendation, Plaintiff's Objections, and Defendant's Response.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends on whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, de novo. *See Ivy v. Secretary of Health and Human Servs.*, 976 F.2d 288, 289-90 (6th Cir. 1992).

It is important to note that the standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ and the Appeals Council, is limited to whether that decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

## Conclusion

This Court has reviewed the Report and Recommendation of this case de novo and has considered all of the pleadings, transcripts, affidavits, motions, and filings of the parties. Further, this Court has reviewed the ALJ's findings in Plaintiff's administrative proceedings and the Appeals Council's decision under the substantial evidence standard. After careful evaluation of the record, the Report and Recommendation, Plaintiff's Objections, and Defendant's Response, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

Plaintiff asserts one objection to the Report and Recommendation. (Doc #17). Plaintiff asserts that the ALJ harmfully erred by not identifying or analyzing the testimony of Dr. Spring. (*Id.* at 2). Plaintiff asserts that the ALJ's RFC finding is "simply not the same, or even a similar, limitation" to Dr. Spring's assessment. (*Id.* at 3). Plaintiff asks this Court to find the ALJ's omission of Dr. Spring's assessment as a violation of 20 C.F.R. § 404.1527, which denotes a failure to follow procedural requirements with medical opinions regardless if they are supported

by substantial evidence, and require the ALJ to explain her reasoning for "rejecting a highly-qualified medical expert's opinion." (*Id.*).

The Magistrate Judge did not err in finding that the omission of Dr. Spring's testimony was harmless error. The Sixth Circuit identified circumstances in which failing to address a treating source's opinion "may not warrant reversal," including "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion." (*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)). Although the *Wilson* standard applies to a treating source's opinion, it can be similarly applied to a non-treating source, which is given less deference under the regulations. 20 C.F.R. § 416.927(c)(2). Accordingly, the *Wilson* standard can be applied to Dr. Spring's opinion to affirm the Magistrate Judge's Report and Recommendation.

The Court finds that the Magistrate's Report and Recommendation supports Dr. Spring's opinion and that Plaintiff's Objections raise no arguments (factual or legal) that have not been fully addressed. The ALJ's RFC findings accounted for Dr. Spring's assessment by distinguishing between "high production quotas or tasks at a production rate pace" and "goal oriented work." These findings are more restrictive than Dr. Spring's blanket "no quotas" assessment. It is clear from the record that there is no evidence to support Plaintiff's assertion that Dr. Spring's "no quotas" assessment is synonymous with an inability to sustain any work activity. Parsing testimony from Vocational Expert Gene Burkhammer is not sufficient evidence. Further, there is no evidence historically that a "no quotas" assessment restricts a person from any job expectations. (Doc #14 at 21 n. 7). Thus, Plaintiff has not shown any harm supported by the record resulting from the ALJ's omission of Dr. Spring's testimony. (*See Divins v. Astrue,*

5

2012 WL 220246 at * 11 (S.D. Ohio Jan 25, 2012) ("There is no requirement that the ALJ adopt the precise language offered by a medical source, as long as the ALJ's conclusion as to a claimant's RFC is supported by substantial evidence.")).

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli (Doc# 16) is hereby ADOPTED.

Consistent with this ruling, Defendant's final decision is AFFIRMED and judgment is entered in favor of Defendant.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: June 14, 2016